CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN - 3 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERNEST TERRELL WOODRUFF, JR., ) | |
|     Petitioner, ) | Civil Action No. 7:07-cv-00588 |
| ) | |
| ) | MEMORANDUM OPINION |
| v. ) | |
| ) | |
| UNITED STATES, ) | By: Hon. Jackson L. Kiser |
|     Respondent. ) | Senior United States District Judge |

Petitioner Ernest Terrell Woodruff, Jr., a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner claims that his confinement pursuant to his federal conviction in the Unites States District Court for the Eastern District of Tennessee is unconstitutional.[1] Upon review of the petition, I conclude that petitioner has failed to demonstrate entitlement to relief under § 2241.

I.

In the United States District Court for the Eastern District of Tennessee, petitioner previously filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. See Case Nos. 1:07-cv-41; 1:05-cr-109 (E.D. Tenn.). In a Memorandum Opinion and Order entered May 23, 2007, that Court sua sponte dismissed Woodruff's petition. The Court gave the following background summary:

> On September 13, 2005, a United States grand jury sitting for the Eastern District of Tennessee, Chattanooga Division, returned a six-count indictment charging Woodruff with weapon and bank robbery crimes. Count One charged that on October 21, 2003, Woodruff and another, aiding and abetting each other, took by force, violence, and intimidation, money belonging to Union Planters Bank in Chattanooga, Tennessee, a bank whose deposits were insured by the Federal Deposit Insurance Corporation, and

---

[1] Woodruff is currently incarcerated at United States Penitentiary, Lee County.

1

during the commission of the robbery putting in jeopardy the life of a person by the use of a deadly weapon, in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2. Count Two of the indictment charged Woodruff and another, aided and abetted by one another, used, carried, and brandished a firearm during and in relation to a crime of violence, i.e., the bank robbery charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2. Woodruff was charged in Count Three, with robbing a federally insured bank in Chattanooga, Tennessee on December 5, 2003, and putting another person's life in jeopardy by use of a deadly weapon, in violation of 18 U.S.C. § 2113(a), 2113(d) and 2. Count Four charged Woodruff and another, aided and abetted by one another, used, carried, and brandished a firearm during and in relation to a crime of violence, the bank robbery charged in Count Three of the indictment, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2. In Count Five, Woodruff was charged with robbing, by use of a deadly weapon, Union Planters Bank, a federally insured bank, in Chattanooga, Tennessee on March 31, 2004, in violation of 18 U.S.C. § 2113(a) and 2113(d) and 2. Count Six charged Woodruff and another, aided and abetted by one another, used, carried, and brandished a firearm during and in relation to a crime of violence, i.e., the bank robbery charged in Count Five of the Indictment in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2.

On November 7, 2005, Woodruff pleaded guilty to Counts One through Five of the Indictment with the benefit of a plea agreement. On February 13, 2006, Woodruff was sentenced to a total term of 462 months imprisonment-78 months on each of Counts One, Three, and Five to be served concurrently; 84 months on Count Two; and 300 months on Count Four. The terms of imprisonment on Counts Two and Four run consecutively to each other and to all other counts. Woodruff did not pursue a direct appeal from the judgment of conviction.

Before concluding that petitioner's motion for collateral relief pursuant to § 2255 should be denied, the Court discussed petitioner's claims, determining that counsel was not ineffective for failing to raise a frivolous argument attacking enhancements, pursuant to United States v. Booker, 543 U.S. 220 (2005), and also finding that:

Woodruff's contention that a separate consecutive sentence under § 924(c) infringed the Double Jeopardy Clause is without merit. The legislative history of the amended text of § 924(c) supports the conclusion that a conviction under § 2113 and enhanced sentencing under § 924(c) is permissible, mandated, and does not constitute double jeopardy. Accordingly, Woodruff's claim of constitutionally ineffective counsel for failing to raise an argument that is indisputably devoid of legal merit must be rejected.

2

## II.

On December 14, 2007, petitioner filed the instant motion. A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

The claims petitioner now raises could have been addressed in a timely filed § 2255 motion to test the legality of his confinement. Moreover, the petition does not indicate any respect in which his case meets the standard under Jones so as to qualify for consideration under § 2241. Petitioner does not point to any recent change of substantive law, and I am unaware of any precedent making it legal to rob banks or use or carry firearms to commit crimes of violence. Accordingly, petitioner fails to meet the Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his conviction, his claims cannot be addressed under § 2241, and this petition must be dismissed.[2]

---

[2] I note that § 2255 motions must be brought in the court that imposed the sentence. See 28 U.S.C. § 2255; see also Swain, 430 U.S. at 378. Therefore, this court does not have jurisdiction to address petitioner's pleading as a § 2255 motion. To file a second such motion in the district court where

3

## III.

In conclusion, I will dismiss this § 2241 petition as petitioner fails to demonstrate that he is entitled to relief. An appropriate Order shall be issued this day. Petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within thirty days of the date of entry of this Order, or within such extended period as I may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this Opinion and the accompanying Order to petitioner.

ENTER: This 3rd day of January, 2008.

Senior United States District Judge

---

petitioner was sentenced, petitioner must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. § 2255, ¶ 8. Where petitioner does not demonstrate that the court of appeals has issued him pre-filing authorization to submit a second or successive § 2255 motion, the district court has no jurisdiction to consider the merits of his § 2255 claims.

4